### THOMAS v. CHARLOTTE, &c., R. R. COMPANY.

1. DAMAGES, EXEMPLARY AND ACTUAL—ELECTION.—A complaint which alleges that a railroad company carelessly, negligently, wilfully, and wantonly refused to stop its train, so that plaintiff, a passenger thereon, might safely alight therefrom, but obliged the plaintiff to jump from the car while it was in rapid motion, may state two distinct causes of action—one for exemplary damages and one for actual damages; but no motion having been made to require a separate statement and election of these two causes of action, the plaintiff was entitled to proceed for actual damages.

2. IBID.—NON-SUIT.—There being testimony to show that plaintiff was injured while alighting at his station from a slowly moving train on which he was a passenger, under the statement from a train hand, that the conductor so directed, as the train would not stop, there was some testimony responsive to the issues, and a non-suit was improperly granted.

3. MIXED TRAINS—STOP AT STATION.—A passenger on a mixed train has a right to be safely put off at a regular station to which he has bought a ticket.

Before ALDRICH, J., Fairfield, February, 1892.

This was an action by James A. Thomas against the Charlotte, Columbia and Augusta Railroad Company, commenced January 29, 1891. The testimony showed that plaintiff and two others got on a mixed passenger and freight train at Chester, with tickets for Woodward, on Christmas eve of 1890; that the train stopped for water at a tank before reaching the depot at Woodward, and then started off again, and while slowly moving past the depot, a negro, with cap and lantern, apparently a train hand, came in and said to these passengers that the conductor bade them get off, as the train would slow up but not stop; that plaintiff, in getting off from the moving car, injured his right ankle, which had been previously sprained; that the train stopped about twenty-five yards beyond the point it was at when plaintiff left the car.

Plaintiff was non-suited, and appealed.

*Messrs. Ragsdale & Ragsdale,* for appellant.

*Mr. B. L. Abney,* contra.

March 18, 1893.　The opinion of the court was delivered by

MR. JUSTICE POPE.　After a jury had been empanelled, and the plaintiff had closed his testimony, defendant moved for a non-suit, which his honor, Judge Aldrich, granted.　The order was in these words: "Ordered, that the defendant be granted an order of non-suit, and that the complaint be dismissed."　Upon entry of judgment by defendant, the plaintiff appealed therefrom upon these grounds: 1. Because his honor erred in holding that the plaintiff had offered no proof of negligence on the part of the defendant.　2. Because his honor erred in granting the order of non-suit which was made in this cause.

It will be observed that the presiding judge at the trial below has not in his order intimated any grounds for his conclusion, and we must, as best we may, in the "Case" here presented, ascertain if his order was sustained.　The complaint, after stating the corporate character of the defendant as a common carrier of passengers between Chester and Woodward, two stations on defendant's line of railway in this State, and that on the 24th day of December, 1890, the defendant received the plaintiff as a passenger at the said station of Chester, to be transported on its train to the said station at Woodward, and that the fare was paid by the plaintiff, alleges: "3. That the said defendant, and its servants, upon arriving at the said station at Woodward with the car in which the plaintiff was being carried, carelessly, negligently, wilfully, and wantonly refused to stop the same, so that the plaintiff might safely alight therefrom, but obliged the plaintiff to jump from the said car while it was in rapid motion, and in so doing he was thrown to the ground with great violence, receiving a fracture in one of his legs and other serious bodily injuries, which have prevented the plaintiff from attending to his daily business, and which, as he is imformed and believes, will result in more

or less permanent disability, to the damage of the plaintiff in the sum of two thousand dollars.''

In this paragraph of the complaint there may be two distinct causes of action, one for exemplary damages and one for actual damages. If so, each cause of action should have been stated separately, and on trial the plaintiff should have been required to elect upon which cause of action he would proceed to trial; but in order that the plaintiff should be required to state each cause of action separately, and thereafter to elect the cause of action upon which he would go to trial, a motion from the defendant for that purpose was necessary before the trial began. *Latimer* v. *Sullivan*, 30 S. C., 111; *Reed* v. *N. E. R. R. Co.*, 37 S. C., 42. In the case at bar, the defendant made no such motion, but the plaintiff of his own motion elected to try his cause of action for actual damages. The testimony of plaintiff was all directed to this issue, and while we would carefully avoid any expression of opinion as to the effect of that testimony, it is not improper for us to say that there was some testimony responsive to such issue, and such being the case, it was not competent for the judge below to withdraw the case from the jury, on the ground of there being no testimony responsive to the issues. The cases cited by appellants, *Spellman* v. *R. R. Co.*, 35 S. C., 475; *Samuels* v. *R. R. Co.*, *Ibid.*, 493; and *Cobb* v. *Columbia, &c., R. R. Co.*, 37 S. C., 194, do not bear upon cases for actual damages. They relate entirely to cases for exemplary damages.

Nor, again, is there anything in the position that a right of action for actual damages sustained by a passenger while riding in a car for passengers attached to a freight train, cannot be sustained in our law. Whenever the common carrier receives the fare from a passenger and transports such passenger in a mixed train, the right of the passenger is fixed. He has the right under our law to expect and demand that the train shall be brought to a stop at the station to which he has paid his fare, and be transported in safety. Gen. Stat., § 1486; *Zemp* v. *R. R. Co.*, 9 Rich., 94; *Samuels* v. *R. R. Co.*, 35 S. C., 493. It follows, therefore, that the Circuit Judge was in error.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and the cause be remanded to the Circuit Court for a new trial.